**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 13, 2012

Lyle W. Cayce
Clerk

No. 11-30480
Summary Calendar

CYRIL J. ZARA, JR.,

Plaintiff-Appellant

v.

RODNEY J. STRAIN, JR., Sheriff of St. Tammany Parish,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-3919

Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Cyril J. Zara, Jr., a former pretrial detainee, appeals the summary-judgment dismissal of his 42 U.S.C. § 1983 complaint against Sheriff Rodney Strain.  In his complaint, he alleged that Sheriff Strain, acting in his official capacity, violated his Eighth and Fourteenth Amendment rights by failing to protect him from being assaulted by fellow inmates.  He argues that the evidence in the record establishes a "direct and concrete link" between the conditions of confinement and the injuries he suffered.  Specifically, Zara contends that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence showed that on the day of the attacks, the jail was overcrowded, and he was improperly housed with inmates of different security classifications.

We review the grant of a motion for summary judgment de novo, applying the same standards as the district court. *Hill v. Carroll County, Miss.*, 587 F.3d 230, 233 (5th Cir. 2009). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

As a former pretrial detainee, Zara's constitutional claims arise under the Due Process Clause of the Fourteenth Amendment, which—like the Eighth Amendment—places a duty on the State to protect against harm to persons in its confinement. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). In a case alleging an "episodic act or omission" of a jail official, as here, Zara must show that the official acted with deliberative indifference to his constitutional rights. *Id.* at 636 (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)).

We agree with the district court that Zara has failed to offer evidence capable of showing that the complained-of policies or customs served as a moving force behind the constitutional violation at issue or that his injuries resulted from the execution of an official policy or custom. *See, e.g., Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997); *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992). Accordingly, the judgment of the district court is AFFIRMED.